FILED
09/28/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Amanda Mosser
DV-15-2020-0000869-BF
Allison, Robert B
1.00

Marcel A. Quinn
Todd A. Hammer
Hammer, Quinn & Shaw PLLC
100 Financial Drive, Suite 100
P.O. Box 7310
Kalispell, MT 59904-0310
Telephone:  (406) 755-2225
Facsimile:  (406) 755-5155
*Attorneys for Plaintiffs*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| PRESTON GRIFFITH, a minor, by and through his Conservators and Parents, DANA GRIFFITH and LINDSEY LEE; and LINDSEY LEE,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST CHOICE HEALTH NETWORK, INC. and JOHN DOES 1-2,<br><br>Defendants. | Cause No.: DV-15-2020-_____<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

COME NOW Plaintiffs, Preston Griffith, a minor, by and through his conservators and parents, Dana Griffith and Lindsey Lee, and Lindsey Lee, and for their cause of action against Defendants First Choice Health Network, Inc. and John Does 1-2 allege as follows:

### GENERAL AND COMMON ALLEGATIONS

1. The accident which gives to this lawsuit involves Plaintiff Preston Griffith, a young boy (hereafter "Preston"), who was seriously injured in Flathead County, Montana on August 27, 2019.

2. Preston sustained serious and substantial injuries as a result of a pedestrian vs. vehicle accident, including a skull fracture, a tramatic brain injury, upper thoracic sprince

**EXHIBIT A**

compression fractures, a collapsed left lung, a sacrum fracture, multiple pelvic fractures and left foot fractures.

3. Preston's parents are his mother, Lindsey Lee, and his father, Dana Griffith. Both were appointed co-conservators with powers to settle all claims arising from the accident in which Preston was involved.

4. Preston and his parents live in Flathead County, Montana.

5. On August 13, 2020, Preston through his parents and co-conservators settled Preston's personal injury claim with the driver of the vehicle who hit him and the insurance company who insured the driver.

6. Defendant First Choice Health Network, Inc. ("First Choice") is a Washington corporation which does business in Montana, including as a third party administrator for health plans.

7. Plaintiff Lindsey Lee and her minor son were insureds under a health plan administered by First Choice. First Choice authorized payment of at least $30,146.81 in medical expenses for Preston Griffith, subject to alleged rights of subrogation.

8. The health care plan is a self-funded, non-ERISA plan.

9. On multiple occasions, Defendant First Choice sent letters and/or faxes to Preston and/or Preston's representatives claiming a subrogation lien and claim on Preston's personal injury claim and on any proceeds from settlement of that claim.

10. Defendant First Choice was specifically advised Preston had not made whole in regard to his damages and therefore subrogations was prohibited under Montana law.

11. Despite having being advised of the prohibition under Montana law, Defendant First Health Choice continued, however, to wrongfully, deceptively, negligently,

and unlawfully claim and threaten subrogation. First Choice knew, or should have known with reasonable diligence, it had no valid subrogation claim under Montana law.

12. Under his terms of his settlement with the driver and the driver's insurer, Preston agreed the monies he received in his settlement should be paid and apportioned to all persons or entities that had valid liens or rights of subrogation.

13. Under these circumstances, Preston was faced with a dilemma. Defendant First Choice claimed it had a valid lien or right of subrogation on a substantial portion of the settlement funds. Preston claimed it did not. Due to First Choice's assertion, the funds subject to the subrogation claim could not be disbursed for Preston's benefit.

14. Preston, by and through his conservators, thereafter paid Defendant First Choice Health its claimed lien or subrogation right under protest and under a non-waiver and reservation of rights.

15. Upon information and belief, both before and after Preston's claim, Defendant First Choice deceived other consumers in the same fashion by threatening collection for subrogation when there was no enforeceable subrogation under Montana law. Both before and after Preston's claim, Defendant First Choice received monies from consumers employing as a result of employing unlawful, deceptive, and unfair acts or practices.

## COUNT ONE
### Declaratory Judgment

16. The allegations above are incorporated herein by reference.

17. This action seeks a declaration pursuant to Montana's Declaratory Judgment Act regading the validity or invalidity of the subrogation claim or lien asserted by Defendant First Choice.

18. Preston Griffith and Lindsey Lee are first party insureds under the health care plan pursuant to which First Choice claims a suborgation claim.

19. An actual controversy exists between Plaintiffs and Defendant First Choice in regard to the validity or invalidity of the subrogation claim or lien asserted by Defendant First Choice.

20. Plaintiffs hereby allege there is no valid subrogation claim or lien under the circumstances of this case and Montana law where Preston has not been made whole for his damages and injuries.

21. Plaintiffs request an order from this Court declaring any claimed subrogation or lien is invalid. Plaintiffs further request an award of attorney fees.

## COUNT TWO
## Consumer Protection Act

22. The allegations above are incorporated herein by reference.

23. Preston, by and through his conservators, and his mother, Lindsey Lee, were consumers of services in purchasing health insurance under his mother's employer's health plan.

24. As consumers, by reason of the unlawful, unfair and deceptive acts of Defendant First Choice, Plaintiffs suffered an ascertainable loss of money, including their paying the lien and subrogation claimed by First Health.

25. The acts, conduct and practices of First Choice Health were unfair and deceptive, and caused Plaintiffs to sustain damages.

26. Pursuant to Section 30-14-133, Plaintiffs are entitled to their compensatory damages, reasonable attorneys fees and treble damages, all in an amount to be established at

the time of trial.

## COUNT THREE-PUNITIVE DAMAGES
### Punitive Damages

27. The allegations above are incorporated herein by reference.

28. Defendant engaged in actual fraud and actual malice in wrongfully asserting a subrogation claim against Preston's settlement proceeds.

29. By reason of its conduct, Plaitniffs are entitled to an award of punitive damages against Defendant First Choice under §27-1-220, in an amount to be established at the time of trial.

WHEREFORE, Plaintiffs prays for judgment against Defendant as follows:

1. On Count One, for declaratory judgment holding the subrogation claim or lien asserted by Defendant to be invalid and an award of attorney fee;

2. On Count Two for compensatory damages, treble damages and attorneys fees, all in an amount to be proven at trial;

2. On Count Three for punitive damages;

3. For all costs and expenses of suit, as allowed by law; and

4. For such other and further additional relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all matters so triable.

Dated this 28th day of September, 2020.

                      HAMMER, QUINN & SHAW, PLLC

                      /s/ Marcel A. Quinn
                      Marcel A. Quinn
                      Todd A. Hammer
                      P.O. Box 7310
                      Kalispell, MT 59904-0310
                      Attorney for Plaintiffs